IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID ZAVALA,
BOP ID 01574-120,
    Plaintiff,

v.

WARDEN C. NASH, et al.,
    Defendants.

CIVIL ACTION NO.
1:22-CV-3082-SDG-RDC

## **ORDER**

Federal prisoner David Zavala has filed a pro se civil rights complaint [Doc. 1] and an application for permission to proceed in forma pauperis (IFP) [Doc. 2]. It is noteworthy that Zavala's IFP application omits the statutorily-required copy of his inmate account statement certified by an authorized prison official, *see* 28 U.S.C. § 1915(a)(2), and includes instead Zavala's own "self-certified" statement, *see* [Doc. 2 at 3]. This alone is a sufficient basis on which to deny Zavala's IFP application. Moreover, even accepting as true the "self-certified" statement, it appears that Zavala had the financial wherewithal to pay the $402 due in case initiation fees because he acknowledges that in the period preceding the filing of his complaint he had "$1,200 deposited into [his] inmate account." *See* [Doc. 3 at 3].

"Leave to proceed IFP is, and always has been, the exception rather than the rule." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 214 (2007).)]. IFP status exists for litigants who are genuinely "*unable* to pay such fees." 28 U.S.C. § 1915(a)(1) (emphasis added).

"There is no question that proceeding [IFP] is a privilege, not a right." *Camp v. Oliver*, 798 F.3d 434, 437 (11th Cir. 1986); *see also Daker v. Robinson*, 694 F. App'x 768, 769 (11th Cir. 2017) (same). For a prisoner, the "privilege" of proceeding IFP includes both (A) a reduction in his financial obligation from $402 to $350 (because only the $350 filing fee but not the $52 in administrative fees may be collected), and (B) an open-ended period for payment in installments (which in many cases means the $350 filing fee is never fully paid, either). *See* 28 U.S.C. § 1915(b)(1)–(2). Furthermore, the "privilege" of proceeding IFP for all litigants (including prisoners) shifts from the litigant to "[t]he officers of the court" the obligation to "issue and serve all process." 28 U.S.C. § 1915(d).

Consequently, "a trial court has broad discretion in denying an application to proceed [IFP]," *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983), and the privilege of proceeding IFP "should be conferred 'sparingly,'" *Daker*, 694 F. App'x at 769 (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir.

2004)). An affidavit of indigence "will be held sufficient" only "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez,* 364 F.3d at 1307.

As a prisoner, all of Zavala's necessities are provided for him. Thus, the $1,200 that passed through his inmate account was available for payment of the $402 due in case initiation fees.

It is not a valid objection that Zavala may already have spent the money deposited into his inmate account on other things, such as commissary items. The United States Court of Appeals for the Fourth Circuit observed, in a case cited with approval by the Eleventh Circuit in *Rivera v. Allin*, that:

> Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system. If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, "he has demonstrated an implied evaluation of that suit" that the courts should be entitled to honor.

*Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997) (quoting *Lumbert v. Ill. Dep't of Corr.*, 827 F.3d 257, 260 (7th Cir. 1987)).

Under these circumstances, Zavala has not demonstrated that he ought to enjoy the privilege of proceeding IFP.

Therefore, I **DENY** Zavala's IFP application [Doc. 2], and I **ORDER** Zavala **TO PAY** the $402 due in case initiation fees **WITHIN TWENTY-ONE DAYS** of the entry date of this Order.

I caution Zavala that failure promptly to inform the Court of any change of address while this civil action is pending or to comply fully with a court order may result in dismissal. *See* LR 41.2(B) & 41.3(A)(2), NDGa.

**SO ORDERED**, this 30th day of November, 2022.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE