IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID ZAVALA,
BOP ID 01574-120,
    Plaintiff,

v.

WARDEN C. NASH, et al.,
    Defendants.

CIVIL ACTION NO.
1:22-CV-3082-SDG-RDC

**FINAL REPORT AND RECOMMENDATION**

Federal inmate David Zavala is a serial pro se litigant well familiar with the procedural requirements for initiating a new civil action or appeal. *See* www.pacer.gov accessed Jan. 31, 2023; restricted to "Eleventh Circuit"). Yet when Zavala initiated this civil action, he did not pay the $402 due in case initiation fees and he omitted from his application for permission to proceed in forma pauperis (IFP) the statutorily required copy of his inmate account statement certified by an authorized prison official, *see* 28 U.S.C. § 1915(a)(2), attaching instead his own "self-certified" statement, *see* [Doc. 2 at 3].

In an Order entered on November 30, 2022, I noted that this omission alone warranted denial of Zavala's IFP application, and I further noted that even his own "self-certified" statement indicated that he "had the financial wherewithal to pay the $402 due in case initiation fees" because he acknowledged receipt of $1,200 in the

year before he initiated this civil action. [Doc. 3 at 1]. I then summarized case law in this circuit that has held that "[l]eave to proceed IFP is, and always has been, the exception rather than the rule," that it "is a privilege, not a right," and that it should be "conferred 'sparingly.'" [*Id.* at 2–3 (citations omitted)]. Accordingly, I denied Zavala's IFP application and ordered him to pay $402 by December 21, 2022. [Doc. 3 at 4].

Zavala responded not by complying with the November 30, 2022 Order, but rather by filing an "Objection to Previous Order and Petition For Exten[s]ion of Time to Pay Filing Fee." [Doc. 4]. Zavala contends that the USP-Atlanta "prison administration blatantly refused to issue & certify my inmate account statement" and that, in any event, he no longer has the $1,200 that he previously acknowledged receiving. [*Id.* at passim]. These statements are difficult to credit. The same USP-Atlanta "prison administration" about which Zavala now complains provided and certified his inmate account statement in an earlier case in this Court, *see Zavala v. Spindle*, No. 1:20-cv-4416-SDG (N.D. Ga. 2020) [Doc. 2 therein], and routinely certifies inmate account statements for other prisoners who initiate civil actions in this Court. But even if Zavala's claim about an atypical lack of cooperation by USP-Atlanta prison officials were true, Zavala's own prior filings and the record of proceedings in his other cases contradict his present claim to be unable to pay $402.

2

For instance, comparison of the inmate account statement certified by an authorized prison official in *Zavala v. Spindle*, *id.*, to Zavala's "self-certified" statement [Doc. 2] in this civil action indicates that Zavala's income while in prison has markedly increased in recent years. Furthermore, Zavala's payment of the full amount of a filing fee in installments in *Zavala v. Spindle* (which by statute was limited to increments of 20% of monthly deposits into his inmate account, *see* 28 U.S.C. § 1915(b)(2), which implies that he received at least 5 times as much income as he paid in fees), also indicates that Zavala's recent income while in prison has far exceeded that necessary to pay the $402 due in case initiation fees here. And the fact that Zavala paid $244.20 in April 2022 in *Zavala v. Spindle* belies his claim now that "the meager funds were long gone over 6 months prior to actually receiving the forms so I could file the complaint," *see* [Doc. 4 at 1], because he initiated this civil action in August 2022 (i.e., less than 4 months later), *see* [Doc. 1].

Therefore, I **RECOMMEND** that this civil action be **DISMISSED WITHOUT PREJUDICE** because Zavala failed to comply with a court order directing him to pay the $402 due in case initiation fees by December 21, 2022. *See* [Doc. 3]; *see also* LR 41.3(A)(2), NDGa.

Because dismissal without prejudice will afford Zavala an opportunity to refile his complaint whenever he is prepared to pay the $402 due in case initiation

fees, I **DENY** his motion for an extension of time to do so "until Spring of 2023." [Doc. 4 at 2].

I **DIRECT** the Clerk to terminate the referral of this civil action to me.

**SO REPORTED, RECOMMENDED, ORDERED, AND DIRECTED**, this 31st day of January, 2023.

*R. Cannon*
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE