# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE, SW
ATLANTA, GEORGIA 30303-3361

**KEVIN P. WEIMER**
**DISTRICT COURT EXECUTIVE**
 AND **CLERK OF COURT**

DOCKETING SECTION
404-215-1655

March 8, 2024

Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, NW
Atlanta, Georgia 30303

    **U.S.D.C. No.:** 1:22-cv-3082-SDG
    **U.S.C.A. No.:** 00-00000-00
    **In re:**    David Zavala v. Warden C. Nash

Enclosed are documents regarding an appeal in this matter.   Please acknowledge receipt on the enclosed copy of this letter.

| | |
|---|---|
| **X** | **Certified copies of the Notice of Appeal, Clerk's Judgment, Opinion & Order and Docket Sheet appealed enclosed.** |
| | This is not the first notice of appeal. Other notices were filed on . |
| **X** | **There is no transcript.** |
| | The court reporter is . |
| | There is sealed material as described below: . |
| | Other: . |
| | USCA Appeal fees   been paid. |
| **X** | **Appellant has been DENIED leave to proceed *in forma pauperis*.** |
| | This is a bankruptcy appeal.   The Bankruptcy Judge is . |
| | The Magistrate Judge is . |
| **X** | **The District Judge is Steven D. Grimberg.** |
| | This is a **DEATH PENALTY** appeal. |

                              Sincerely,

                              Kevin P. Weimer
                              District Court Executive
                              and Clerk of Court

                    By:   <u>P. McClam</u>
                           Deputy Clerk

0months,APPEAL,CLOSED,RDC,SDGLC3,SLC4

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:22−cv−03082−SDG</u>

Zavala v. Nash et al  
Assigned to: Judge Steven D. Grimberg  
Cause: 28:1331 Federal Prisoner Civil Rights

Date Filed: 08/04/2022  
Date Terminated: 08/28/2023  
Jury Demand: Plaintiff  
Nature of Suit: 550 Prisoner: Civil Rights  
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**David Zavala**      represented by   **David Zavala**  
01574120  
USP of Atwater  
PO Box 019001  
Atwater, CA 95301  
PRO SE

V.

**Defendant**

**Warden C. Nash**  
*in her official and individual capacities*

**Defendant**

**Ms. Whitehead**  
*Jail Administrator, in her official and individual capacities*

**Defendant**

**Captain Brownfield**  
*in his official and individual capacities*

**Defendant**

**Captain Camareno**  
*in his official and individual capacities*

**Defendant**

**Lt. Odihambo**  
*in his official and individual capacities*

**Defendant**

**Lt. Harris**  
*in his official and individual capacities*

**Defendant**

**Lt. Arnold**

*in his official and individual capacities*

**Defendant**

**Lt. Williams**

*Head Lt., in his official and individual capacities*

**Defendant**

**Ms. Peterson/Dorsey**

*Unit Manager, in her official and individual capacities*

**Defendant**

**Mr. Johnson**

*Recreation Officer, in his official and individual capacities*

**Defendant**

**Officer Westbrook**

*in his official and individual capacities*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/04/2022 | 1 | | COMPLAINT with Jury Demand filed by David Zavala. (Attachments: # 1 Civil Cover Sheet)(lwb) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/05/2022) |
| 08/04/2022 | 2 | | APPLICATION for Leave to Proceed in forma pauperis by David Zavala. (lwb) (Entered: 08/05/2022) |
| 08/04/2022 | | | Submission of 1 Complaint, and 2 APPLICATION for Leave to Proceed in forma pauperis for ifp and frivolity determination submitted to Magistrate Judge Regina D Cannon. (lwb) (Entered: 08/05/2022) |
| 11/30/2022 | 3 | | ORDER denying Application for Leave to Proceed in forma pauperis 2 . The Court ORDERS Zavala TO PAY the $402 due in case initiation fees WITHIN TWENTY–ONE DAYS of the entry date of this Order. Signed by Magistrate Judge Regina D Cannon on 11/30/2022. (gas) (Entered: 11/30/2022) |
| 11/30/2022 | | | Clerk's Certificate of Mailing as to David Zavala re 3 Order on Application for Leave to Proceed in forma pauperis. (gas) (Entered: 12/01/2022) |
| 12/30/2022 | 4 | | MOTION for Extension of Time to Pay Filing Fee and Objection to Previous Order 3 by David Zavala. (gas) (Entered: 01/04/2023) |
| 01/31/2023 | 5 | | FINAL REPORT AND RECOMMENDATION re 1 Complaint, filed by David Zavala. It is recommended that this civil action be DISMISSEDWITHOUT PREJUDICE because Zavala failed to comply with a court orderdirecting him to pay the $402 due in case initiation fees by December 21, 2022. Signed by |

2

|  |  |  |
|---|---|---|
|  |  | Magistrate Judge Regina D Cannon on 1/31/23. (rlh) (Entered: 01/31/2023) |
| 01/31/2023 |  | ORDER denying 4 Motion for Extension of Time to do so "until Spring of 2023." Ruled on by Magistrate Judge Regina D Cannon on 1/31/23 within 5 R&R. (rlh) (Entered: 01/31/2023) |
| 01/31/2023 | 6 | ORDER for Service of 5 Final Report and Recommendation, by Magistrate Judge Regina D Cannon. Each party may file written objections to the Report & Recommendation within 14 days of service. If no objections are filed, the Report & Recommendation may be adopted as the opinion and order of the District Court. Signed by Magistrate Judge Regina D Cannon on 1/31/23. (rlh) (Entered: 01/31/2023) |
| 01/31/2023 |  | Clerk's Certificate of Mailing as to David Zavala re 6 Order for Service of Report and Recommendation, 5 FINAL REPORT AND RECOMMENDATION re 1 Complaint, filed by David Zavala. (rlh) (Entered: 01/31/2023) |
| 02/17/2023 | 7 | Motion for Extension of Time To File Objections by David Zavala. (jra) (Entered: 02/21/2023) |
| 05/11/2023 | 8 | ORDER granting 7 Motion for Extension of Time to File Objections to Report and Recommendation, and Plaintiff's objections must be filed no later than June 15, 2023. Signed by Judge Steven D. Grimberg on 05/11/2023. (tht) (Entered: 05/11/2023) |
| 05/11/2023 |  | Clerk's Certificate of Mailing re 8 Order on Motion for Extension of Time to David Zavala. (tht) (Entered: 05/11/2023) |
| 05/22/2023 |  | Submission of 3 Order on Application for Leave to Proceed in forma pauperis, to District Judge Steven D. Grimberg. (slc) (Entered: 05/22/2023) |
| 06/27/2023 |  | Submission of 5 FINAL REPORT AND RECOMMENDATION re 1 Complaint, to District Judge Steven D. Grimberg. (slc) (Entered: 06/27/2023) |
| 07/12/2023 | 9 | MOTION for Leave to File Out−of−Time Objection to Magistrate R&R for Good Causeby David Zavala. (tht) (Entered: 07/14/2023) |
| 07/12/2023 | 10 | OBJECTIONS to 5 Report and Recommendation filed by David Zavala. (tht) (Entered: 07/14/2023) |
| 07/21/2023 |  | Submission of 9 MOTION for Leave to File Objection to Magistrate R&R for Good Cause, to District Judge Steven D. Grimberg. (adg) (Entered: 07/21/2023) |
| 08/27/2023 |  | Remark: Docket reviewed; no conflicts identified. (slc) (Entered: 08/27/2023) |
| 08/28/2023 | 11 | ORDER: This Court ADOPTS the Final Report and Recommendation 5 . Zavala's Motion for extension of time to file objections 9 is DENIED. This case is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is DIRECTED to close this case. Signed by Judge Steven D. Grimberg on 08/28/2023. (tht) (Entered: 08/28/2023) |
| 08/28/2023 | 12 | CLERK'S JUDGMENT (tht)−−Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist−− (Entered: 08/28/2023) |
| 08/28/2023 |  | Civil Case Terminated. (tht) (Entered: 08/28/2023) |
| 08/28/2023 |  |  |

3

| | | | |
|---|---|---|---|
| | | | Clerk's Certificate of Mailing as to David Zavala re 11 Order and 12 Clerk's Judgment. (tht) (Entered: 08/28/2023) |
| 11/13/2023 | 13 | | NOTICE of Change of Address for David Zavala. (tas) (Entered: 11/15/2023) |
| 12/26/2023 | 14 | | NOTICE Of Filing Judicial Notice by David Zavala. (tas) (Entered: 12/27/2023) |
| 01/31/2024 | 15 | | Construed by Clerk as MOTION to Reopen Case, MOTION for an Updated Docket and Pro Se Inmate Packets be Sent to Plaintiff by David Zavala. (tas) (Entered: 02/01/2024) |
| 03/07/2024 | 16 | | NOTICE OF APPEAL as to 12 Clerk's Judgment and 11 Order on Final Report and Recommendation, Order on Motion for Leave to File, by David Zavala. Case Appealed to USCA– 11th Circuit. (Attachments: # 1 USCA Appeal Fee Letter)(pjm) (Entered: 03/08/2024) |
| 03/08/2024 | 17 | | USCA Appeal Transmission Letter to USCA– 11th Circuit re: 16 Notice of Appeal filed by David Zavala. (pjm) (Entered: 03/08/2024) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID ZAVALA,
BOP ID 01574-120,
    Plaintiff,

v.

WARDEN C. NASH, et al.,
    Defendants.

CIVIL ACTION NO.
1:22-CV-3082-SDG-RDC

## **ORDER**

    Federal prisoner David Zavala has filed a pro se civil rights complaint [Doc. 1] and an application for permission to proceed in forma pauperis (IFP) [Doc. 2]. It is noteworthy that Zavala's IFP application omits the statutorily-required copy of his inmate account statement certified by an authorized prison official, *see* 28 U.S.C. § 1915(a)(2), and includes instead Zavala's own "self-certified" statement, *see* [Doc. 2 at 3]. This alone is a sufficient basis on which to deny Zavala's IFP application. Moreover, even accepting as true the "self-certified" statement, it appears that Zavala had the financial wherewithal to pay the $402 due in case initiation fees because he acknowledges that in the period preceding the filing of his complaint he had "$1,200 deposited into [his] inmate account." *See* [Doc. 3 at 3].

5

"Leave to proceed IFP is, and always has been, the exception rather than the rule." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 214 (2007).)]. IFP status exists for litigants who are genuinely "*unable* to pay such fees." 28 U.S.C. § 1915(a)(1) (emphasis added).

"There is no question that proceeding [IFP] is a privilege, not a right." *Camp v. Oliver*, 798 F.3d 434, 437 (11th Cir. 1986); *see also Daker v. Robinson*, 694 F. App'x 768, 769 (11th Cir. 2017) (same). For a prisoner, the "privilege" of proceeding IFP includes both (A) a reduction in his financial obligation from $402 to $350 (because only the $350 filing fee but not the $52 in administrative fees may be collected), and (B) an open-ended period for payment in installments (which in many cases means the $350 filing fee is never fully paid, either). *See* 28 U.S.C. § 1915(b)(1)–(2). Furthermore, the "privilege" of proceeding IFP for all litigants (including prisoners) shifts from the litigant to "[t]he officers of the court" the obligation to "issue and serve all process." 28 U.S.C. § 1915(d).

Consequently, "a trial court has broad discretion in denying an application to proceed [IFP]," *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983), and the privilege of proceeding IFP "should be conferred 'sparingly,'" *Daker*, 694 F. App'x at 769 (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir.

2

2004)). An affidavit of indigence "will be held sufficient" only "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez,* 364 F.3d at 1307.

As a prisoner, all of Zavala's necessities are provided for him. Thus, the $1,200 that passed through his inmate account was available for payment of the $402 due in case initiation fees.

It is not a valid objection that Zavala may already have spent the money deposited into his inmate account on other things, such as commissary items. The United States Court of Appeals for the Fourth Circuit observed, in a case cited with approval by the Eleventh Circuit in *Rivera v. Allin*, that:

> Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system. If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, "he has demonstrated an implied evaluation of that suit" that the courts should be entitled to honor.

*Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997) (quoting *Lumbert v. Ill. Dep't of Corr.*, 827 F.3d 257, 260 (7th Cir. 1987)).

Under these circumstances, Zavala has not demonstrated that he ought to enjoy the privilege of proceeding IFP.

Therefore, I **DENY** Zavala's IFP application [Doc. 2], and I **ORDER** Zavala **TO PAY** the $402 due in case initiation fees **WITHIN TWENTY-ONE DAYS** of the entry date of this Order.

I caution Zavala that failure promptly to inform the Court of any change of address while this civil action is pending or to comply fully with a court order may result in dismissal. *See* LR 41.2(B) & 41.3(A)(2), NDGa.

**SO ORDERED**, this 30th day of November, 2022.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID ZAVALA,
BOP ID 01574-120,
    Plaintiff,

v.

WARDEN C. NASH, et al.,
    Defendants.

CIVIL ACTION NO.
1:22-CV-3082-SDG-RDC

## **FINAL REPORT AND RECOMMENDATION**

Federal inmate David Zavala is a serial pro se litigant well familiar with the procedural requirements for initiating a new civil action or appeal. *See* www.pacer.gov accessed Jan. 31, 2023; restricted to "Eleventh Circuit"). Yet when Zavala initiated this civil action, he did not pay the $402 due in case initiation fees and he omitted from his application for permission to proceed in forma pauperis (IFP) the statutorily required copy of his inmate account statement certified by an authorized prison official, *see* 28 U.S.C. § 1915(a)(2), attaching instead his own "self-certified" statement, *see* [Doc. 2 at 3].

In an Order entered on November 30, 2022, I noted that this omission alone warranted denial of Zavala's IFP application, and I further noted that even his own "self-certified" statement indicated that he "had the financial wherewithal to pay the $402 due in case initiation fees" because he acknowledged receipt of $1,200 in the

year before he initiated this civil action. [Doc. 3 at 1]. I then summarized case law in this circuit that has held that "[l]eave to proceed IFP is, and always has been, the exception rather than the rule," that it "is a privilege, not a right," and that it should be "conferred 'sparingly.'" [*Id.* at 2–3 (citations omitted)]. Accordingly, I denied Zavala's IFP application and ordered him to pay $402 by December 21, 2022. [Doc. 3 at 4].

Zavala responded not by complying with the November 30, 2022 Order, but rather by filing an "Objection to Previous Order and Petition For Exten[s]ion of Time to Pay Filing Fee." [Doc. 4]. Zavala contends that the USP-Atlanta "prison administration blatantly refused to issue & certify my inmate account statement" and that, in any event, he no longer has the $1,200 that he previously acknowledged receiving. [*Id.* at passim]. These statements are difficult to credit. The same USP-Atlanta "prison administration" about which Zavala now complains provided and certified his inmate account statement in an earlier case in this Court, *see Zavala v. Spindle*, No. 1:20-cv-4416-SDG (N.D. Ga. 2020) [Doc. 2 therein], and routinely certifies inmate account statements for other prisoners who initiate civil actions in this Court. But even if Zavala's claim about an atypical lack of cooperation by USP-Atlanta prison officials were true, Zavala's own prior filings and the record of proceedings in his other cases contradict his present claim to be unable to pay $402.

2

For instance, comparison of the inmate account statement certified by an authorized prison official in *Zavala v. Spindle*, *id.*, to Zavala's "self-certified" statement [Doc. 2] in this civil action indicates that Zavala's income while in prison has markedly increased in recent years. Furthermore, Zavala's payment of the full amount of a filing fee in installments in *Zavala v. Spindle* (which by statute was limited to increments of 20% of monthly deposits into his inmate account, *see* 28 U.S.C. § 1915(b)(2), which implies that he received at least 5 times as much income as he paid in fees), also indicates that Zavala's recent income while in prison has far exceeded that necessary to pay the $402 due in case initiation fees here. And the fact that Zavala paid $244.20 in April 2022 in *Zavala v. Spindle* belies his claim now that "the meager funds were long gone over 6 months prior to actually receiving the forms so I could file the complaint," *see* [Doc. 4 at 1], because he initiated this civil action in August 2022 (i.e., less than 4 months later), *see* [Doc. 1].

Therefore, I **RECOMMEND** that this civil action be **DISMISSED WITHOUT PREJUDICE** because Zavala failed to comply with a court order directing him to pay the $402 due in case initiation fees by December 21, 2022. *See* [Doc. 3]; *see also* LR 41.3(A)(2), NDGa.

Because dismissal without prejudice will afford Zavala an opportunity to refile his complaint whenever he is prepared to pay the $402 due in case initiation

fees, I **DENY** his motion for an extension of time to do so "until Spring of 2023." [Doc. 4 at 2].

I **DIRECT** the Clerk to terminate the referral of this civil action to me.

**SO REPORTED, RECOMMENDED, ORDERED, AND DIRECTED**, this 31st day of January, 2023.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DAVID ZAVALA,
    Plaintiff,

v.

WARDEN C. NASH, et al.,
    Defendants.

Civil Action No.
1:22-cv-03082-SDG

## ORDER

This matter is before the Court for consideration of the Order and Final Report and Recommendation entered by United States Magistrate Judge Regina D. Cannon [ECF 5], which recommends that this civil action be DISMISSED WITHOUT PREJUDICE because Zavala failed to comply with a court order directing him to pay the $402 due in case initiation fees by December 21, 2022.

In February 2023 Zavala filed a motion for extension of time to file objections [ECF 7], which the Court granted [ECF 8], giving Zavala until June 15 to do so. Zavala did not timely file objections. Instead, almost one month past his extended deadline, Zavala filed another motion for extension of time [ECF 9] and simultaneously filed objections along with it [ECF 10].

Zavala's objections are untimely, notwithstanding the extended deadline granted by the Court, and will not be considered. Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, this Court reviewed the R&R for plain error and found none.

Accordingly, this Court **ADOPTS** the Report and Recommendation [ECF 5]. Zavala's motion for extension of time to file objections [ECF 9] is **DENIED**. This case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of August, 2023.

Steven D. Grimberg
United States District Court Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID ZAVALA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN C. NASH, Et Al,<br><br>　　　　　Defendants. | CIVIL ACTION FILE<br><br>NO. 1:22-cv-03082-SDG |

## J U D G M E N T

This action having come before the court, Honorable Steven D. Grimberg, United States District Judge, for consideration of the Report and Recommendation of the Magistrate Judge, and the court having adopted the Report and Recommendation, it is

**Ordered and Adjudged** that the action be **DISMISSED WITHOUT PREJUDICE.**

Dated at Atlanta, Georgia, this 28th day of August, 2023.

　　　　　　　　　　　　　　　　　　　KEVIN P. WEIMER
　　　　　　　　　　　　　　　　　　　CLERK OF COURT

　　　　　　　　　　　　　　　　By: _s/ T. Tran_
　　　　　　　　　　　　　　　　　　　Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
August 28, 2023
Kevin P. Weimer
Clerk of Court

By: _s/ T. Tran_
　　　Deputy Clerk

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 07 2024

KEVIN P. WEIMER, Clerk
By: Emily Ross, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ZAVALA, Plaintiff, Case No.

v.

NASH, et al., Defendants, 1:22-CV-03082 SDG

## NOTICE OF APPEAL

I pro se plaintiff David Zavala hereby Appeal, under grounds of equitable estoppel, the Judgement issued on August 28th, 2023 by an unknown Judge of the ND of GA.

Zavala repeatedly made efforts to inform this court of mailing deficiensies @ his previous facility (USP of ATL) & has numerously & excruttatingly gave notice to this court that he was not receiving mail & would not have even been aware of the Judgement entered if an outside source would not of informed him of the unjust premature dismissal.

Above statements certified under Oath & penalty of purjery on this 28th of February 2024 in Merced County, CA.

RESPECTFULLY
DAVID ZAVALA
PRO SE, COMMON-MAN, LIVING SOUL

David Zavala #01574120
USP of Atwater
PO Box 019001
Atwater CA 95301

David Zavala #01574128
USP of Atwater
United States Penitentiary
PO Box 019001
Atwater, CA, 95301

＊ Legal/Special Mail

CLEARED DATE
MAR 07 2024
U.S. Marshals Service
Atlanta, GA 30303

＊ Submitted on Camara
& logged:

SACRAMENTO CA 957
1 MAR 2024 PM 3 L

OFFICE OF THE CLERK
US Dist Court, ND of GA
2211 US Courthouse
75 TED TURNER DR, S.W.
ATL, GA 30303

30303-330999

17



UNITED STATES PENITENTIARY, ATWATER
P.O. BOX 019000
ATWATER, CA 95301 DATE FEB 2 9 2024
The enclosed letter was processed through special mailing procedures
for forwarding to you. The letter has neither been opened nor
inspected. If the writer raises a question or problem over which
this facility has jurisdiction, you may wish to return the material
for further information or clarification. If the writer encloses
correspondence for forwarding to another addressee, please return

18

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**2211 UNITED STATES COURTHOUSE**
**75 TED TURNER DRIVE, SW**
**ATLANTA, GEORGIA 30303-3318**
www.gand.uscourts.gov

**KEVIN P. WEIMER**
**DISTRICT COURT EXECUTIVE**
**AND CLERK OF COURT**

**DOCKETING SECTION**
404-215-1655

March 8, 2024

David Zavala
01574120
USP of Atwater
PO Box 019001
Atwater, CA 95301
PRO SE

    Re: David Zavala v. Warden C. Nash
          Civil Action No.: 1:22-cv-3082-SDG

Dear Mr. Zavala:

On March 7, 2024, we received and filed your Notice of Appeal for the above case. Please be advised that we did not receive the following:

__X__ Appeal fee $605.00 (Docketing fee $600.00 and Filing fee $5.00)

__X__ Application to proceed on appeal in forma pauperis.

__X__ Please complete the attached appeal information sheet as directed.

          Sincerely,

          Kevin P. Weimer
          District Court Executive
          and Clerk of Court

      By: P. McClam
           Deputy Clerk